UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAZARO LARA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 23-cv-487 |
| ) | |
| HEALTH TRACK SPORTS AND ) | |
| WELLNESS, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

## JOINT INITIAL STATUS REPORT

A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

The Cincinnati Insurance Company , Jeannine S. Gilleran ( Trial attorney ) 10 S. LaSalle St. Suite 3310. Chicago IL 60603 for defendant

Lazaro Lara  29W471 Emerald Green Drive Warrenville Il 60555 pro se

B. Briefly describe nature 1. The Nature of the Case: of the claims asserted in the complaint and any Counterclaims and/or third-party claims.

Wrongful termination in retaliation for filing an EEOC charge for discrimination, and discrimination for my disabilities. I filed a disability discrimination charge against Defendant HealthTrack Sport and wellness on October 16th, 202. I met with my employer (Cris Castillo) on March 31, 2021, to discuss that my disability accommodations were not being accommodated according to my health providers instructions,  also I made Cris aware that several managers were harassing me and I requested to go back on FMLA on this date.

Crist Castillo in this meeting promised to look into my claims and that he would get back to me.  In this meeting Cris Castillo tried to persuade me to resign. I did NOT. The  next time I heard back from my employer was on April 11th, 2021,  by email Title Cobra information. On the bottom of the email there was an attachment that explained that I had come to them on March 31st, 2021, and that I used this meeting to resign. I never resigned from this meeting at any time. I filed a wrongful termination( retaliation) and discrimination charge against HealthTrack Sport and Wellness LLC. on July 16th, 2021.

1

C.     Briefly identify the major legal and factual issues in the case.

       Plaintiff contends he was subject to discrimination based upon his disability, retaliation and wrongful termination.

       The defendant disputes that he was subject to discrimination and retaliation; and contends that plaintiff resigned from his position when he failed to return.

D.     State the relief sought by any of the parties.

       I was planning to work until the age of 62 at HealthTrack, before I was wrongfully terminated. I would like to get that amount that HealthTrack would have made, and I am also looking for emotional pain and suffering compensation.

2.     Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A.     Identify all federal statutes on which federal question jurisdiction is based.

           Americans with Disabilities Act of 1990

    B.     If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        (1)     State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

        (2)     Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

    I am a USA citizen.

           **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

           **NOTE 2:** The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

3. Status of Service: Identify any defendants that have not been served.

 All parties have been served.

4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

 The parties consent to a Magistrate Judge.

5. Motions:

 A. Briefly describe any pending motions.

 Defendant has a pending motion to dismiss.

 B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

 Yes, the motion to dismiss was filed.

 **NOTE 3:** If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6. Status of Settlement Discussions:

 A. Indicate whether any settlement discussions have occurred;

 Yes.

 B. Describe the status of any settlement discussions;

 Plaintiff rejected the settlement offer.

 C. Whether the parties request a settlement conference.

 Unknown until the ruling on the Motion to Dismiss

 **NOTE 4:** Do NOT provide the particulars of any demands/offers that have been made.

Dated: June 15, 2023

| | |
|---|---|
| Lazaro Lara | Jeannine S. Gilleran |
| 29W471 Emerald Green Dr. | Cincinnati Insurance Company- Staff Defense |
| Unit B | 10 S. LaSalle St., Ste. 3310 |
| Warrenville, IL 60555 | Chicago, IL 60603 |
| Mobile: 331-230-2112 | Office: 312-281-7040 |
| laxlara9@icloud.com | Mobile: 773-552-2488 |
| PRO SE PLAINTIFF | Jeannine_Gilleran@staffdefense.com |
| | ATTORNEY **FOR THE DEFENDANT** |
| | Assistant: Jamila Andrews |
| | Jamila_Andrews@staffdefense.com |